UNITED STATES of America,
Plaintiff–Appellee,

v.

Rogelio ANDRES CRUZ, a.k.a. Rogelio Andres–Cruz, a.k.a. Julian Garcia,
Defendant–Appellant.

No. 12–10445.

United States Court of Appeals,
Ninth Circuit.

---

Submitted April 16, 2013.*

Filed April 22, 2013.

Kiyoko Elizabeth Patterson, Assistant U.S., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Michael J. Bresnehan, Esquire, Michael J. Bresnehan PC, Tempe, AZ, for Defendant–Appellant.

Before: CANBY, IKUTA, and WATFORD, Circuit Judges.

## MEMORANDUM **

Rogelio Andres Cruz appeals from the 11–month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Andres Cruz contends the district court procedurally erred by failing to address the relevant 18 U.S.C. § 3553(a) sentencing factors and by relying on sentencing factors excluded from consideration under 18 U.S.C. § 3583(e). We review for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The district court adequately addressed the relevant section 3553(a) sentencing factors and did not rely on any impermissible factor. *See United States v. Miqbel*, 444 F.3d 1173, 1181–82 (9th Cir.2006). The court's consideration of Andres Cruz's history of illegal reentries was not improper. *See United States*

*v. Simtob*, 485 F.3d 1058, 1062–63 (9th Cir.2007).

Andres Cruz also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Andres Cruz's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In light of the totality of the circumstances and the section 3583(e) sentencing factors, the within-Guidelines sentence is substantively reasonable. *See* 18 U.S.C. § 3583(e); *Gall*, 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

